FELICE JOHN VITI, Acting United States Attorney (#7007)
CARLOS A. ESQUEDA, Assistant United States Attorney (#5386)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801)524-5682

_____

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ROBERT BUCKLEY HARDY,<br><br>    Defendant. | **UNITED STATES' MOTION FOR DETENTION**<br><br><br><br>Case No. 2:25 cr 40 JNP<br>Magistrate No. 2:25 mj 122 CMR |

☐    The United States is not seeking detention.

☒    The United States moves for detention based on current information. The United States' positions in this preliminary pleading could change after reviewing the Pretrial Report or learning of additional evidence. The United States reserves the right to assert positions even if the boxes next to those positions are not checked below, raise additional arguments, and file additional pleadings in support of detention. The United States' motion for detention is:

☒  Pursuant to 18 U.S.C. § 3142(f)(1) because defendant is charged with:

    ☒  **(A)** a crime of violence (*see* 18 U.S.C. § 3156(a)(4)), a violation of 18 U.S.C. § 1591 (sex trafficking of children), or an offense under § 2332b(g)(5)(B) (specific enumerated crimes) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

    ☐  **(B)** an offense for which the maximum sentence is life imprisonment or death;

**or**

☐ **(C)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(D)** any felony if the defendant has been convicted of two or more offenses described in (a) through (c) above, or two or more State or local offenses that would have been offenses described in (a) through (c) above if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(E)** any felony that is not otherwise a crime of violence but involves: **(i)** a minor victim; **(ii)** the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250;

**OR**

☐ Pursuant to 18 U.S.C. § 3142(f)(2) because the case involves:

☐ **(A)** a serious risk the defendant will flee; **or**
☐ **(B)** a serious risk the defendant will obstruct or attempt to obstruct justice, or threaten, injure, intimidate, attempt to threaten, injure or intimidate a prospective witness or juror.

**Procedure**

The defendant may seek a continuance of the detention hearing of up to five days, and the United States may seek a continuance of up to three days. 18 U.S.C. § 3142(f). During any such continuance, the defendant shall be detained. *Id*. The rules concerning the admissibility of evidence do not apply at the detention hearing. *Id*. The United States has the burden of persuasion by clear and convincing evidence that no condition or combination of conditions of release will reasonably the safety of any other person and the community or by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required. *Id*.; *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).

# Rebuttable Presumption

☐ A rebuttable presumption applies, and the defendant bears the burden to produce some credible evidence to rebut this presumption. The United States acknowledges that it retains the burden of persuasion. The statutory presumption applies:

  ☐ Pursuant to 18 U.S.C. § 3142(e)(2) *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because:

   **(A)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed;

   **(B)** the defendant committed that offense while on release pending trial for a Federal, State, or local offense;

   **(C)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for that, whichever is later.

  ☐ Pursuant to 18 U.S.C. § 3142(e)(3) *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

   ☐ **(A)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

   ☐ **(B)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

   ☐ **(C)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 or more is prescribed;

   ☐ **(D)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

   ☐ **(E)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

**Factors to Be Considered**

The United States may present arguments, proffer evidence, or provide testimony at the scheduled detention hearing supporting the detention of the defendant including, but not limited to:

☒ The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, or destructive device. (18 U.S.C. § 3142(g)(1)).

On January 30, 2025, at approximately 3:17 p.m., the defendant entered the Chase Bank located at 7045 south 1300 East, Cottonwood Heights. He asked the bank teller if an appointment was necessary and was told no. The defendant handed the teller a manilla envelope with several documents and left the bank.

The documents which were handed to the tellers talked about several United States and government dealings regarding money laundering, drug trafficking, sex trafficking, and corruption. One document also stated to "assume that this is an active bomb threat."

One document in the package read "I need $2001 for it to be considered a felony and get the un-kompromised FBI bank robbery division to respond."

On February 6, 2025 the defendant entered and robbed the Olympus branch of Chase Bank located at 2855 East 3300 South, Salt Lake City, Utah. The defendant approached a teller and initially asked if he could open an account. The teller advised that the employee that could help him was out but would be back shortly. The male then left the bank.

A short time later, he returned to the bank and again approached the teller. The male told the teller it was a robbery and gave her various manilla envelopes with documents inside and a typed note. The note read, "Poor people steal because they are hungry. Rich people steal because they are greedy." "I need this evidence chain in the hands of the FBI bank robbery division and the local and federal police." "Please stuff at least $2001 into the bag for me. And make certain the FBI gets this."

Post-Miranda the defendant stated he did what he did to get his message out to the public. Hardy admitted to dropping off the packages at the banks and leaving enough information for law enforcement to identify him. Hardy stated that he

asked for the specific dollar amount of $2001, because of the effect September 11, 2001 had on him. He further stated that he did not want to cause anyone any harm.

☒ The weight of evidence against the defendant. (18 U.S.C. § 3142(g)(2)).

The weight against the defendant is very strong and should be weighed heavily against the defendant. The defendant is identified as the bank robber from video surveillance, fingerprint evidence left on the manilla envelopes containing the demand note. He also admitted to committing the bank robbery.

☒ The history and characteristics of the defendant including the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning court proceedings. (18 U.S.C. § 3142(g)(3)(A)).

The defendant has no criminal history but at times has been transient and living in a cabin in the canyon. The motive for the present bank robbery is to spread conspiracy theory rhetoric to the public. Likewise, when arrested the defendant had a large cache of firearms. On February 17, 2025, the defendant attempted to send an email to an individual informing them he had several additional rifles that the agents were unaware of that were stored at a different residence.
Based upon the defendant's actions it appears he suffers from a mental illness and has access to several firearms.

The defendant has no verifiable employment nor does he have a verifiable residence.

The defendant provides no information regarding his mental health status.

☐ Whether, at time of the current offense or arrest, the defendant was on probation, parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law. (18 U.S.C. § 3142(g)(3)(B)).

☒ The nature and seriousness of danger to any person or to the community that would be posed by the defendant's release. (18 U.S.C. § 3142(g)(4)).

☐ The defendant's lack of legal status in the United States. The defendant's legal status is:

☐ How the defendant would be subject to removal or deportation after serving a period

of incarceration.
☐ The defendant's significant family or other ties outside of the United States.
☐ The defendant's use of aliases or false documents.
☐ The defendant's prior attempts to evade law enforcement.
☒ How the defendant's proposed residence, employment, or proposed treatment programs have not been verified.
☐ The defendant's prior failures to appear for court proceedings.

☐ Other reasons including: Defendant's large cache of firearms and hidden weapons.

## Victim Notification

☐ The United States has notified any identified victim, or attempted to do so, pursuant to 18 U.S.C. § 3771.

☒ The position of the victim on the detention of the defendant is that the victims would seek detention of the defendant.

☒ The victims in this matter seek a no contact order.

☐ This matter does not involve a victim requiring notification.

DATED this 18th day of February 2025.

*/s/Carlos A. Esqueda*
CARLOS A. ESQUEDA
Assistant United States Attorney