SCOTT KEITH WILSON, Federal Public Defender (#7347)
JUSTIN F. KNELL, Assistant Federal Public Defender (#15182)
**OFFICE OF THE FEDERAL PUBLIC DEFENDER**
**DISTRICT OF UTAH**
Attorneys for Defendant
46 West Broadway, Suite 110
Salt Lake City, Utah 84101
Telephone: (801) 524-4010
Email: justin_knell@fd.org

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,  Plaintiff,  v.  ROBERT BUCKLEY HARDY,  Defendant. | **STIPULATED MOTION TO CONTINUE JURY TRIAL**  Case No. 2:25-cr-00040-JNP |

Defense counsel moves to continue the jury trial currently scheduled in this matter for 120-days and exclude time under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7) and DUCrimR 12-1(l), from the date of this motion to the next trial setting. Defense counsel seeks a continuance under 18 U.S.C. § 3161(h)(7)(A), which allows this court to grant a motion to continue if it finds that the ends of justice served by the granting of the continuance outweigh the best interests of the public and the defendant in a speedy trial. Defense counsel bases this motion on the following grounds and procedural history:

1. Mr. Hardy appeared before Magistrate Ceceilia Romero for his initial appearance and arraignment on the pending indictment on February 25, 2025. A three-day jury trial was

scheduled for May 2, 2025, which was within the time the Speedy Trial Act permitted.

2. Defense counsel moved for a continuance of this trial on April 18, 2025, for 90 days to afford time to review discovery, formulate a constitutionally effective defense, conduct investigation, and confer with Mr. Hardy regarding legal strategy and the panoply of legal options, and consequences associated with the pending indictment. Mr. Hardy had also been moved to Pahrump which frustrated efforts to engage in regular, meaningful visitation. Dkt. No. 26.

3. The court granted the request for that continuance. Dk. No. 27.

4. Defense counsel moved for a second continuance on July 17, 2025, citing the need to work through mental health concerns Judge Romero raised at the initial appearance. Defense counsel requested a 90-day continuance from that date and exclusion of time from the filing of this motion to the next trial date. Dkt. No. 28.

5. The court granted the continuance and set the jury trial for November 3, 2025. Dkt. No. 29.

6. Supporting facts for this motion are as follows:

    a. Counsel for the government, Carlos Esqueda, has been contacted and stipulates to a continuance.

    b. Mr. Hardy is in custody and does not currently oppose the continuance of the trial to facilitate evaluations that have been arranged. Defense counsel is currently navigating and attempting to resolve manifold mental health issues that imbue the alleged offense conduct and were of concern to Magistrate Ceceilia Romero when she determined that ongoing detention was merited at the initial appearance. Dkt. No. 11.

    i.  These issues must be adequately addressed and resolved for defense counsel to ethically and competently confirm readiness for and represent Mr. Hardy at trial.

    ii.  The requested 120-days is needed to ensure the ongoing mental health issues attending this case's fact-pattern are adequately addressed and to secure Mr. Hardy's due process rights, particularly Mr. Hardy's right to effective assistance of counsel under the Sixth Amendment to the United States Constitution.

    iii.  Defense counsel is also researching the applicability of an affirmative defense, which is associated with the mental health issues cited in this motion.

    iv.  Mr. Hardy was recently moved back to Utah from Pahrump to facilitate these inquiries.

7. There are no other defendants in this case.

Accordingly, failure to grant a continuance would deny defense counsel the reasonable time necessary for effective preparation, accounting for the exercise of due diligence based on the foregoing representations. Therefore, the ends of justice served by such continuance outweigh the best interests of the public and defendant in a speedy trial. The 120-day continuance sought will extend the trial date, plea and motion deadlines by the same time-interval.

## CONCLUSION

For the reasons set forth herein, defense counsel respectfully requests a continuance of the trial set for November 3, 2025, for 120-days, and requests that the time between the filing of this motion and the new trial date be excluded from the speedy trial computation pursuant to 18

U.S.C. § 3161(h)(7).

DATED this 21st day of October 2025.

/s/ *Justin F. Knell*
JUSTIN F. KNELL
Assistant Federal Public Defender