IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT BUCKLEY HARDY,<br><br>Defendant. | ORDER CONTINUING TRIAL AND EXCLUDING TIME FROM SPEEDY TRIAL CALCULATIONS<br><br>Case No. 2:25-cr-00040-JNP |

Based on the Motion to Continue Jury Trial filed by Defendant, in the above-entitled case, and for good cause appearing, the court makes the following findings:

1. Mr. Hardy appeared before the court for his initial appearance and was originally arraigned on February 25, 2025, before Magistrate Judge Cecilia M. Romero. A three-day Jury Trial was scheduled for May 2, 2025, which was within the time allowed under the Speedy Trial Act.

2. Defense counsel has moved to continue trial pursuant to 18 U.S.C. § 3161(h)(7). This is defense counsel's fourth request for a continuance of the trial in this matter and is made in good faith and not merely for the purpose of delay.

3. The length of the delay requested is 120-days.

4. Specifically, defense counsel alleged that the continuance is necessary because not granting the continuance would deny counsel for the defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence.

5. The supporting facts for this motion are as follows:

    a. Counsel for the government, Carlos Esqueda, has been contacted and stipulates to the continuance.

    b. Mr. Hardy is no longer in custody but does wish his objection to the continuance be noted. Defense counsel is still navigating and attempting to resolve the manifold issues relating to mental health concerns the court raised and that seemingly imbue the alleged offense conduct to ensure Mr. Hardy's due process rights are secured. The requested 120-days are needed to ensure these issues are adequately addressed prior to trial.

    c. Mr. Hardy will be programming while on pretrial release, which includes two separate touch points with independent clinicians.

    d. The 120-days are needed to determine what these efforts yield and what implications they have for Mr. Hardy's potential defenses, trial strategy, potential negotiations, and the case as a whole.

6. There are no co-defendants in this case.

Based on the foregoing findings, the court concludes that failure to grant such a continuance would deny counsel the reasonable time necessary for effective preparation, and accounting for the exercise of due diligence. Therefore, the ends of justice served by a continuance outweigh the best interests of the public and Defendant in a speedy trial.

THEREFORE, the 3-day Jury Trial previously scheduled to begin on March 2, 2026, is hereby continued to the 6th day of July, 2026, at 8:30 a.m. Accordingly, the time between the filing of the Motion to Continue Jury Trial, February 24, 2026, and the new trial date set forth above, is excluded from speedy trial computation for good cause.

DATED this 3rd day of March 2026.

                    BY THE COURT:

                    _____
                    JILL N. PARRISH
                    United States District Court Judge